UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Ubisoft Entertainment and Ubisoft, Inc. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A | Case No. 1:26-cv-04494 (JHR) LETTER IN FURTHER SUPPORT OF DEFENDANT FONDCOSPLAY'S REQUEST FOR EXTENSION OF TIME |
|---|---|

Dear Judge Rearden:

I am an authorized representative of Fondcosplay, Defendant No. 15 in the above-referenced action. I respectfully submit this limited response to Dkt. 38 Plaintiffs' June 30, 2026 letter concerning Fondcosplay's request for an extension of time and adjournment of the scheduled hearing.

At the outset, Fondcosplay understands that a corporate defendant must appear through licensed counsel. Fondcosplay's June 26 letter was not intended as a merits appearance, and Fondcosplay does not seek to litigate the merits of this action *pro se*. The June 26 letter was submitted only as a limited request for additional time to retain counsel, to avoid prejudice, and to preserve threshold objections, including service-of-process and personal-jurisdiction objections. A foreign corporate defendant should not be deprived of a practical opportunity to ask the Court for time to obtain counsel, particularly where formal service remains at issue.

Plaintiffs' June 30 letter goes far beyond the narrow issue of whether Fondcosplay should receive a reasonable extension to retain counsel. Plaintiffs now accuse Fondcosplay of being an "organized infringing network" involving various entities, at least $1.84 million in sales. Those accusations are unsupported, inaccurate, and highly prejudicial.

Fondcosplay is not an organized network of defendants. Fondcosplay operates one independent e-commerce storefront. The business uses different

1

PayPal accounts in the payment backend only for business and payment-segregation purposes. The only currently active payment-receiving accounts connected with Fondcosplay's operations are a personal PayPal account under Li Fang and a corporate PayPal account under Changsha Xixi Jia E-commerce Co., Ltd. The existence of more than one PayPal account does not establish an infringing network, alter ego relationship, or joint operation with unrelated defendants.

Fondcosplay expressly denies any affiliation with HulaKula Fashion Company Ltd. or Han Bin, as referenced in Plaintiffs' letter. Fondcosplay does not know those persons or entities and has no business relationship with them. Plaintiffs' own filings demonstrate the unreliability of the way they are using PayPal-associated information. For example, in Plaintiffs' Dkt. 35 address chart, the address "新城区三家庄三建家属院, 西安市, 陕西, 710000" appears for Defendant No. 12, dashikitrend. Plaintiffs' June 30 letter then lists "韩斌" with that same address among materials supposedly associated with Fondcosplay. That does not show a Fondcosplay network; it shows that Plaintiffs' raw PayPal/address list is mixing unrelated defendants or unrelated third-party address data.

Fondcosplay does not know the other defendants in this action and has not conducted business with them. Fondcosplay's business entity is a Chinese company. Its office and principal business address is:

**Bai Jia Tang 12 Dong 6 Hao, Yuelu District, Changsha, Hunan, China 410000**
**中国湖南省长沙市岳麓区柏家塘 12 栋 6 号，邮编 410000**

That address can be located and verified through public Chinese corporate-information sources using the corporate name Changsha Xixi Jia E-commerce Co., Ltd. Plaintiffs themselves state in Dkt. 35 that they used QiChaCha and China's National Enterprise Credit Information Publicity System to investigate Chinese corporate addresses. Plaintiffs' own Dkt. 35 also lists the Changsha address for Fondcosplay. Likewise, Plaintiffs' June 30 letter repeatedly lists Changsha Xixi Jia

E-commerce Co., Ltd. and the Changsha address. These materials confirm that Fondcosplay has a physical address in China.

Plaintiffs' foreign address list is not evidence of control, ownership, or infringement. Several addresses listed by Plaintiffs are not Fondcosplay offices, agents, warehouses, or service addresses. To Fondcosplay's understanding, some of those addresses appear to be customer, recipient, billing, or shipping-related information that may have appeared in payment or platform records. A PayPal-associated address is not the same thing as a defendant's physical address for service, nor does it establish that Fondcosplay controls the person or entity connected with that address.

Plaintiffs also mischaracterize Fondcosplay's counsel situation. The New York attorney referenced in Plaintiffs' June 30 letter was involved at an early stage of the Georgia action primarily for settlement communications. After Plaintiff in the Georgia case made a settlement demand of approximately $1.84 million, which was not a realistic basis for resolution, Fondcosplay retained counsel admitted in Georgia to appear and contest jurisdiction and related issues. Representation or settlement communications in that case do not establish that Fondcosplay has counsel of record in this SDNY action, nor do they show bad faith in requesting time to retain counsel here.

In the Georgia action, Fondcosplay's counsel filed a motion to dismiss and supporting declaration explaining, among other things, that the accused listing did not generate any completed sales. Fondcosplay is likewise reviewing its backend records in this action and is seeking SDNY counsel who can submit the relevant evidence in the proper form. Based on Fondcosplay's current review, the accused listing in this action did not generate any sales. Fondcosplay does not ask the Court to resolve that merits issue through this letter; it raises this only to explain why Plaintiffs' broad accusations and $1.84 million allegation are misleading and unsupported, should not be used to deny a limited extension.

This action also must be viewed in context. This is now the third action brought by Plaintiffs' counsel's law firm involving Fondcosplay or the same broader dispute. First, Fondcosplay was sued in the Northern District of Georgia in Case No. 1:26-cv-00599. Second, Plaintiffs' counsel's law firm filed another action in this District, Case No. 1:26-cv-03496, involving the same or overlapping accused link already at issue in Georgia; after Fondcosplay raised procedural concerns through counsel, that action was withdrawn. This case is the third action. For a small foreign seller, repeatedly locating and retaining U.S. counsel in multiple jurisdictions is costly and time-consuming. Plaintiffs' counsel can file and withdraw Schedule A actions with relative ease, but a foreign defendant must spend significant time and resources merely to understand the English-language filings, locate qualified counsel, and preserve its rights.

If Plaintiffs intend to proceed against Fondcosplay, Fondcosplay respectfully requests that Plaintiffs be required to effect formal service at Fondcosplay's known China address in compliance with the Hague Service Convention. Fondcosplay also respectfully requests that Plaintiffs provide Chinese translations of the summons, Complaint, and initiating papers required for service in China, because Fondcosplay is a China-based defendant and has difficulty fully understanding the English-language pleadings and court filings.

For these reasons, Fondcosplay respectfully requests that the Court grant a reasonable extension of time and adjourn the scheduled hearing as to Fondcosplay, so that Fondcosplay may retain counsel admitted to appear before this Court, review the service and jurisdiction issues, and submit any evidence or motion through counsel in the proper manner. Fondcosplay also requests that the Court disregard Plaintiffs' unsupported accusations of an "organized infringing network" for purposes of deciding the limited extension request.

Respectfully submitted,

By: _Xiaotian Yuan_____

Authorized Representative
Fondcosplay
Bai Jia Tang 12 Dong 6 Hao
Changsha, Hunan, China 410000
Email: fondcosplay@gmail.com
Dated: June 30, 2026